LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7006 GAF (PJWx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Otis Williams v. SBE Entertainment Group, et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**      **(In Chambers)**

## ORDER TO SHOW CAUSE

On March 1, 2010, Plaintiff filed a response to the Court's Order to Show Cause. (Docket No. 331.) In the response, Plaintiff's counsel states:

> Defendant Singer's counsel has indicated that Singer will stipulate to a permanent injunction essentially similar to that entered with respect to Glenn Leonard, provided that all references to plaintiff's right to pursue a remedy before the bankruptcy court, and a reservation of this court's jurisdiction with respect thereto, are omitted.

(Response at 2.) Attached to Plaintiff's response is a purported stipulation, on the face of which Plaintiff and Defendant Singer stipulated and agreed to enter into an order and judgment. However, the stipulation is distinguished by numerous portions of strike-through text; it is marked as a "draft;" and it is signed by <u>neither party</u>.

Given the background leading to this submission, the Court questioned whether Singer had in fact agreed to the purported stipulated judgment. The Court's inquiry of Defendant Singer's counsel revealed that counsel had not agreed to the attached stipulation, and therefore had not signed the document. The Court would be hard pressed to put into words its reaction to what appears to be a clear attempt to resolve this case through deception. To suggest that the Court views such conduct unfavorably would be

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7006 GAF (PJWx) | Date | March 5, 2010 |
|---|---|---|---|
| Title | Otis Williams v. SBE Entertainment Group, et al | | |

to engage in understatement.

     Accordingly, Plaintiff's response to the Court's OSC is deemed wholly insufficient. The misrepresentation regarding the state of the case does not constitute adequate prosecution of the matter.   Accordingly, **IT IS HEREBY ORDERED** that Plaintiff must **SHOW CAUSE** why the present lawsuit should not be dismissed for failure to prosecute.

     The response to this OSC is due on or before the close of business on **Monday, March 15, 2010**.  Failure to respond to the OSC will result in dismissal of those claims remaining in the action.

     **IT IS SO ORDERED.**