JS-6

# UNITED STATES DISTRICT COURT,
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OTIS WILLIAMS**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**SBE ENTERTAINMENT GROUP**, *etc., et al.*,<br><br>Defendants.<br><br>———————————————<br><br>AND RELATED COUNTERCLAIMS | CASE NUMBER: 07-CV-07006-GAF (PJWx)<br><br>**JUDGMENT OF PERMANENT INJUNCTION AGAINST DEFENDANT BARRY SINGER** |

    Upon the settlement agreement and stipulation of Plaintiff OTIS WILLIAMS and Defendant BARRY SINGER, entry of permanent injunction is GRANTED, as follows:

    Defendant BARRY SINGER, his employees, officers, agents, attorneys, successors and assigns, and all those acting in active concert and/or participation with any of them, who shall receive actual notice of this Order, are hereby PERMANENTLY ENJOINED from engaging in the following activities, or in any of them:

    (1)    Directly or indirectly infringing upon the goodwill associated with plaintiff's service mark "The Temptations";

///

1    (2)   Directly or indirectly infringing upon the trade name "The Temptations" or using plaintiff's trade name in any manner, including generally but not limited to advertising, promoting, performing, and/or exhibiting entertainment services provided, in whole or in part, by defendant BARRY SINGER, directly or indirectly, or of anyone else that infringes said trade name;

(3)   Engaging in any conduct that tends falsely to represent , or is likely to confuse, mislead, or deceive purchasers, defendant BARRY SINGER's customers, and/or members of the public believe, that the actions of defendant BARRY SINGER, including the advertisement, promotion, performance, and/or exhibition of any performance or performers under the name "The Temptations,"  or any similar incarnation or derivative of that name, are sponsored, approved, or licensed by plaintiff, or are in some way associated, affiliated, or connected with plaintiff and/or with "The Temptations";

(4)   Affixing, applying, annexing, or using in connection with the advertisement, promotion, performance, and/or exhibition of any performance or performers under the name "The Temptations,"  or any similar incarnation of the name, a false description or representation, including words or false symbols tending to describe or represent such goods or services as being those of plaintiff;

(5)   Diluting and/or infringing plaintiff's trade name "The Temptations," and/or damaging plaintiff's goodwill, reputation, and business;

(6)   Effecting assignments or transfers, granting purported licenses, forming new entities or associations, or utilizing any other means or device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraph (1) through (5), above.

   Pursuant to Fed.R.Civ P. 54 (b), the court hereby makes an express determination that there is no just reason for delay, and expressly directs entry of this judgment of permanent injunction, forthwith.

///

- 2 -

**JUDGMENT OF PERMANENT INJUNCTION AGAINST DEFENDANT BARRY SINGER**

...

1     The Court further Orders that the counterclaim of BARRY SINGER on file herein is
2 dismissed forthwith, with prejudice.
3     The Court further Orders that the separate related action entitled <u>Live Gold etc., et al., v.
4 UMG etc., et al.</u> on file in this District Court as Case No. herein is 09-cv-00417is likewise
5 dismissed forthwith, with prejudice.
6     This Order is without prejudice as to the joint and several obligation of BARRY SINGER
7 in respect to this Court's previous finding of contempt and award of sanctions thereon as against
8 the said Defendant BARRY SINGER, in respect to which this Court retains jurisdiction.

11 IT IS SO ORDERED.

13 DATED: March 24, 2010

_____
Gary A. Feess,
Judge of the United States District Court